**Gerald VOLKER, Plaintiff,**

v.

**The DETROIT EDISON COMPANY, a Michigan corporation, Defendant.**

No. 92–CV–71850–DT.

United States District Court, E.D. Michigan, Southern Division.

May 17, 1994.

Gerald Volker, pro se.

Jessiephine W. Summerville, Detroit Edison Co., Legal Dept., Detroit, MI, for defendant.

HACKETT, District Judge.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant has filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56 as to the claims set forth in plaintiff's complaint. Plaintiff, *pro se,* has filed a response opposing summary judgment. For the reasons set forth in this order, defendant's motion shall be granted.

## FACTUAL BACKGROUND

Plaintiff was employed by Detroit Edison from August, 1968, until his termination on February 22, 1989. All of his positions while working for Detroit Edison were union represented. At the time of his termination, plaintiff was represented by Local 223, Utility Workers Union of America, AFL–CIO. Plaintiff's union and defendant were parties to a collective bargaining agreement.

Upon his termination, plaintiff followed grievance procedures properly. On June 26, 1989, after the defendant's president's delegate denied the grievance filed on plaintiff's behalf by the union, the union withdrew the grievance. Plaintiff filed the present lawsuit in St. Clair County Circuit Court. Defendant properly removed the case to this court based on preemption by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Defendant's motion for summary judgment argues that plaintiff's complaint is barred by the statutes of limitation governing § 301 complaints and defamation claims in Michigan. Plaintiff is proceeding *pro se* in his opposition against defendant's motion. He has been given several extensions of time in which to file a response and has complied with the last deadline.

## SUMMARY JUDGMENT STANDARDS

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The United States Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

"[T]he standard for determining whether summary judgment is appropriate is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v.*

*Brown & Williamson Tobacco Co. Inc.*, 879 F.2d 1304, 1310 (6th Cir.1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat the otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48, 106 S.Ct. at 2510 (emphasis in original).

The substantive law governs the determination of which facts are material. "Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First National Bank of Arizona v. Cities Services Co.*, 391 U.S. 253, 270, 88 S.Ct. 1575, 1583, 20 L.Ed.2d 569 (1968), *reh'g denied*, 393 U.S. 901, 89 S.Ct. 63, 21 L.Ed.2d 188 (1968). Mere allegations or denials in the non-movant's pleadings will not meet this burden. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

## DISCUSSION

In this case, plaintiff exhausted his administrative remedies on June 26, 1989, when the union withdrew his grievance. A claim under § 301 of the LMRA must be brought within six months of the exhaustion of administrative remedies. *DelCostello v. Teamsters*, 462 U.S. 151, 169, 103 S.Ct. 2281, 2293, 76 L.Ed.2d 476 (1983).

Because Counts I–III of plaintiff's complaint fall under the purview of § 301 of the LMRA, plaintiff's complaint should have been filed within six months of June 26, 1989. Instead, it was filed on February 14, 1992. Thus, plaintiff's complaint is time-barred. Even if Count III of plaintiff's complaint is

construed as a defamation claim not preempted by the LMRA, that claim is time-barred by Michigan's one year statute of limitation for defamation set forth in M.C.L.A. § 600.5805(7). Plaintiff has raised no triable questions of fact which are material to the defendant's arguments relative to the bar of the statutes of limitation. Thus, defendant is entitled to summary judgment in its favor.

### CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment hereby is GRANTED.

SO ORDERED.

### JUDGMENT

The above entitled matter has come before the court on defendant's motion for summary judgment, and in accordance with the court's order granting defendant's motion for summary judgment entered on May 17, 1994,

IT IS ORDERED AND ADJUDGED that judgment hereby is GRANTED in favor of defendant.